IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DURON C. FORD,<br>            Plaintiff | )<br>)<br>) |
| vs. | ) Civil Action No. 09-1688<br>) Judge Terrence F. McVerry/<br>) Chief U.S. Magistrate Judge Amy Reynolds Hay |
| STATE POLICE TROOPER STEVEN<br>WALTERS in his Individual and Official<br>Capacity; TROOPER JAMES<br>MONKELIS in his Individual and Official<br>Capacity,<br>            Defendants | )<br>)<br>)<br>)<br>)<br>) |

## I.  Recommendation

It is respectfully recommended that this action be dismissed for failure to prosecute.

## II.  Report

On December 23, 2009, The Plaintiff, Duron Ford ("Ford") filed a Motion for Leave to Proceed in forma pauperis [Doc. 1].  In an Order entered February 9 2010 [Doc 3], Ford was notified that he had failed to sign the Motion, and had failed to include a certificate of authorization permitting disclosure of the amount of money and securities on deposit in his prison account or a proper affidavit of non-compliance.  He was also notified that he had failed to complete an attached form indicating whether he consented to have the Magistrate Judge conduct proceedings in his case.  Ford was given until March 1, 2010 to submit the required documentation, and failed to respond.  On March 17, 2010 the Court entered an Order to Show Cause [Doc. 17], requiring Ford to show cause why this action should not be dismissed based on his failure to comply with the original Order.  Ford had until March 31, 2010 to respond, and has

not done so.

Punitive dismissal of an action for failure to comply with court orders is left to the Court's discretion.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In exercising this discretion,  the Court must consider the six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984):

>   (1) The extent of the party's personal responsibility;
> 
>   (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> 
>   (3) A history of dilatoriness;
> 
>   (4) Whether the conduct of the party or the attorney was willful or in bad faith;
> 
>   (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> 
>   (6) The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  On the whole, the Poulis factors favor dismissal of the Plaintiff's Complaint.

Ford's failure to comply with the Court's Orders, despite having been given ample time in which to do so, constitutes dilatory conduct and a lack of personal responsibility that may well rise to the level of bad faith.

The prejudice caused to the Defendants by Ford's failure to comply with this Court's

Orders does not appear to extend beyond that associated with general delay and administrative inconvenience. The merit of his claim is unknown.  Thus, neither of these Poulis factors weighs strongly in favor of nor against dismissal.

Poulis last directs that the court consider the effectiveness of sanctions other than dismissal.  Since the Plaintiff seeks to proceed in forma pauperis, it appears that monetary sanctions would be meaningless.  More fundamentally, dismissal is appropriate because this case cannot proceed without the participation of the Plaintiff.  Because he has failed to respond to the Court's Order, it is respectfully recommended that the Complaint be dismissed. No other sanction will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.D.2 B, the parties are permitted to file written objections in accordance with the schedule included in the docket entry reflecting the filing of this Report and Recommendation.

Respectfully Submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

cc:   Duron C. Ford
      HN-5904
      SCI Dallas
      1000 Follies Road
      Dallas, PA 18612